### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02878-NYW-CYC

SHARON BRENTON, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

  v.

V.F. CORPORATION, BRACKEN P. DARRELL, MATTHEW H. PUCKETT, and PAUL AARON VOGEL,

    Defendants.

---

Civil Action No. 1:25-cv-03555-PAB-SBP

ROBERT RUZICH, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

  v.

V.F. CORPORATION, BRACKEN P. DARRELL, STEVEN E. RENDLE, MATTHEW H. PUCKETT, and PAUL AARON VOGEL,

    Defendants.

---

### MOTION OF MAINSTAGE CAPITAL PARTNERS, LP FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................. 1

II.  STATEMENT OF FACTS ..................................................................................... 3

III. PROCEDURAL HISTORY ..................................................................................... 4

IV. ARGUMENT ........................................................................................................ 5

   A.  The Actions Should Be Consolidated ..................................................... 5

   B.  The Court Should Appoint Movant as Lead Plaintiff .............................. 6

      1.   The Procedure Required by the PSLRA ....................................... 6

         a.  Movant Is Willing to Serve as a Class Representative............................. 7

         b.  Movant has the Requisite Financial Interest in the Relief Sought by the Class.................................................................................................. 7

      2.   Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ............................................................................... 8

         a.  Movant's Claims are Typical of the Claims of all the Class Members........ 9

         b.  Movant Will Adequately Represent the Class ......................................... 11

   C.  Movant's Choice of Counsel Should Be Approved ............................... 12

V.  CONCLUSION.................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Cooke v. Equal Energy Ltd.*,
  C.A. No.14-cv-0087-C, 2014 WL 3819159 (W.D. Okla. May 8, 2014) ............. 8, 9, 10

*Dura Pharm., Inc. v. Broudo*,
  544 U.S. 336 (2005).................................................................................................. 2

*In re Drexel Burnham Lambert Group*,
  960 F.2d 285 (2d Cir. 1992).................................................................................... 10

*In re E-Trade Financial Corp*. Securuties Litigation,
  No. 07-cv-8538 (S.D.N.Y.) ..................................................................................... 12

*Ferreira v. Funko, Inc.*,
  No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328 (C.D. Cal. June 11, 2020).......... 1

*Friedman v. Quest Energy Ptnrs. LP,*
  261 F.R.D. 607 (W.D. Okla. 2009)......................................................................... 5, 7

*Gen. Tel. Co. v. Falcon*,
  457 U.S. 147 (1982)................................................................................................. 9

*Gurevitch v. KeyCorp, et al.*,
  No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ....................................................... 12

*Hom v. Vale, S.A.,*
  Nos. 1:15-cv-9539-GHW, et. al., 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ............ 1

*Hufnagle v. Rino Int'l Corp.*,
  No. CV 10-8695-VBF(VBKx), 2011 WL 710704 (C.D. Cal. Feb. 14, 2011)................ 5

*Jaramillo v. Dish Network Corporation, et al.*,
  No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)........................................................... 12

*Lane v. Page*,
  250 F.R.D. 634 (D.N.M. 2007) ................................................................................. 2

*Martin v. BioXcel Therapeutics, Inc. et al.,*
  No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ............................................................ 12

*Medina v. Clovis Oncology*, Inc.,
  Case No. 15-cv-2546-RM- MEH, 2016 WL 660133 (D. Colo. Feb. 18, 2016)...... 5, 10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................... 9

*In re Party City Secs. Litig.*,
189 F.R.D. 91 (D.N.J. 1999) ......................................................................... 8

*Petersen v. Stem, Inc. et. al.*,
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ............................................. 12

*In re Razorfish, Inc. Secs. Litig.*,
143 F. Supp. 2d 304 (S.D.N.Y. 2001) .......................................................... 2

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ............................................... 12

*Robidoux v. Celani*,
987 F.2d 931 (2d Cir. 1993) .......................................................................... 9

*Schulman v. Lumenis, Ltd.*,
No. 02 Civ. 1989 (DAB), 2003 WL 21415287 (S.D.N.Y June 18, 2003) ................... 8

*Smith v. Suprema Specialties, Inc.*,
206 F. Supp. 2d 627 (D.N.J. 2002) .............................................................. 2

*Solomon v. Peloton Interactive, Inc. et al.*,
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ............................................... 12

*In re Tesla Inc. Securities Litigation*,
No. 3:18-cv-4865 (N.D. Cal.) ...................................................................... 12

*Thant v. Rain Oncology Inc. et al.*,
5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ..................................................... 12

*Thant v. Veru, Inc. et al.*,
No. 1:22-cv-23960 (S.D. Fla. July 27, 2023) .............................................. 12

*In re U.S. Steel Securities Litigation*,
No. 2:17-579-CB (W.D. Pa.) ........................................................................ 12

*Villanueva v. Proterra Inc. et al.*,
No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ............................................. 12

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
216 F.R.D. 248 (S.D.N.Y. 2003) .................................................................. 8

*Weiss v. York Hosp.*,
745 F.2d 786 (3d Cir. 1984).................................................................................. 9, 10

*Weltz v. Lee,*
199 F.R.D. 129 (S.D.N.Y. 2001) .......................................................................... 8, 9

**Statutes**

15 U.S.C. § 78u-4 ..............................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23..............................................................................................*passim*

Fed. R. Civ. P. 42(a)................................................................................................ 4

## I.    INTRODUCTION

MainStage Capital Partners, LP ("Movant"), by and through its counsel, will and hereby does move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order (attached hereto): (i) consolidating the above-captioned actions (the "Actions"); (ii) appointing Movant as Lead Plaintiff on behalf of all investors who purchased or otherwise acquired V.F. Corporation ("VFC" or the "Company") securities between October 27, 2022 and May 20, 2025, inclusive (the "Class Period")[1], pursuant to 15 U.S.C. § 78u-4(a)(3)(B); (ii) approving Movant's selection of counsel Levi & Korsinsky, LLP ("Levi & Korsinsky"); and (iii) granting such other and further relief as the Court may deem just and proper.[2]

---

[1] The action entitled *Brenton v. V.F. Corporation, et al.*, Case No. 1:25-cv-02878-NYW-CYC (the "*Brenton* Action") defines the Class Period as October 30, 2023 through May 20, 2025, inclusive. The action styled *Ruzich v. V.F. Corporation, et al.,* No. 1:25-cv-03555-PAB-SBP (the "*Ruzich* Action") defines the Class Period as October 27, 2022 through May 20, 2025, inclusive. Movant adopts the most-inclusive Class Period defined in the *Ruzich* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *2 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* Nos. 1:15-cv-9539-GHW, et. al., 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

[2] This Motion is filed pursuant to Section 21D of the Exchange Act, as amended by the PSLRA, which provides that within 60 days after publication of the required notice, any member of the proposed class may move the Court to be appointed Lead Plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, Movant's counsel has no way of knowing who the competing lead plaintiff movants are at this time. As a result, counsel for Movant respectfully requests that the duty to confer requirement in Rule 7.1(a) of the Local Rules be waived for this Motion.

Presently pending before the Court are the above-captioned Actions brought on behalf of all persons and entities that purchased or otherwise acquired VFC securities during the Class Period. Plaintiffs in the Actions allege violations of the Exchange Act against Defendants VFC, Bracken P. Darrell ("Darrell"), Steven E. Rendle ("Rendle"), Matthew H. Puckett ("Puckett"), and Paul Aaron Vogel ("Vogel") (collectively, "Defendants").[3]

The PSLRA provides for the Court to appoint as lead plaintiff the movant or movants that have the largest financial interest in the litigation who has also made a *prima facie* showing that they are an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007); *In re Razorfish, Inc. Secs. Litig.*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001); *see also Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 632 (D.N.J. 2002). Movant satisfies both requirements.

Movant lost approximately $133,657.42 under a straight last-in-first-out "LIFO" analysis, and $80,668.69 in losses recoverable pursuant to *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336, 338 (2005). As such, Movant is the presumptive lead plaintiff under the PSLRA.[4] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of

---

[3] Specifically, Plaintiffs in the Actions allege that Defendants violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

[4] Movant's certification identifying its transactions in VFC, as required by the PSLRA, as well as a chart identifying its losses are attached to the declaration of Adam M. Apton ("Apton Decl."), dated November 12, 2025 as Exhibits 1 and 2, respectively.

Civil Procedure in that its claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class. As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

## II.    STATEMENT OF FACTS[5]

VFC is an apparel, footwear, and accessory company that sells outdoor, active, and workwear products in the Americas, Europe, and Asia-Pacific. ¶ 20. The company distributes its products both through its wholesale channel and its direct-to-consumer operations, including VFC-owned stores and e-commerce sites. *Id.*

The statements in Paragraphs 22 to 39 of the *Brenton* Complaint were false and/or materially misleading. ¶ 40. Defendants created the false impression that they possessed reliable information pertaining to the Company's projected revenue outlook and anticipated growth while also minimizing risk from seasonality and macroeconomic fluctuations. *Id.* In truth, VFC's optimistic reports of growth, cost cutting measures, and overall claims of positive trajectory of the Vans brand fell short of reality; despite a significant inventory reset to begin the turnaround process under Reinvent, VFC was apparently unable to find a path to Vans growth that did not require additional significant restructuring to create a potentially sustainable growth model. *Id.*

On May 21, 2025, Defendants released their fourth quarter and full-year fiscal 2025 results below investor and analyst expectations. ¶ 41.

---

[5] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Brenton* Complaint") filed in the *Brenton* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Brenton* Complaint. The facts set forth in the *Brenton* Complaint is incorporated herein by reference.

3

Defendant Vogel pertinently provided a breakdown of the Vans segment performance in the quarter and discussed future guidance. ¶ 42.

A question-and-answer segment followed during which the defendants briefly elaborated on Vans' decline and the strategic reset actions in response. ¶ 43.

The aforementioned press releases and statements made by the Individual Defendants are in direct contrast to statements they made during the October 30, 2023, February 6, 2024, May 22, 2024, August 6, 2024, October 28, 2024, and January 29, 2025, earnings calls. ¶ 44. On those calls, Defendants continually praised the progress of Reinvent and, in particular, the Vans turnaround, touting positive results from their inventory reset and pointing sequential growth improvements as evidence of such progress, while repeatedly issuing statements of confidence with respect to their future plans for the brand. *Id.*

Investors and analysts reacted immediately to VFC's revelation. ¶ 45. The price of VFC's common stock declined dramatically. *Id.* From a closing market price of $14.43 per share on May 20, 2025, VFC's stock price fell to $12.15 per share on May 21, 2025, a decline of about 15.8% in the span of just a single day. *Id.*

## III.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Brenton* Action against the Defendants. Plaintiff Sharon Brenton ("Brenton") commenced the first-filed action on September 12, 2025. On that same day, Levi & Korsinsky, counsel acting on Brenton's behalf, published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. 3 ("Press Release").

On November 6, 2025, a substantially similar action was filed against VFC in this Court, the *Ruzich* Action. Movant has requested consolidation of the *Brenton* and *Ruzich* Actions.

## IV.    ARGUMENT

### A. <u>The Actions Should Be Consolidated</u>

Pursuant to the PSLRA, the Court should first rule on motions to consolidate before appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a). The Actions pending before this Court are well-suited for consolidation. The Actions are brought on behalf of purchasers of VFC securities, allege similar class periods, and contain nearly identical allegations charging Defendants with making false and misleading statements.

"Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF (VBKx), 2011 WL 710704, at \*2 (C.D. Cal. Feb. 14, 2011). Although the Actions are not identical, their common factual and legal bases, similar class periods, nearly identical legal claims, and common Defendants, warrant consolidation. *See Medina v. Clovis Oncology, Inc.*, Case No. 15-cv-2546-RM- MEH, 2016 WL 660133, at \*2 (D. Colo. Feb. 18, 2016).

### B. <u>The Court Should Appoint Movant as Lead Plaintiff</u>

#### 1. The Procedure Required by the PSLRA

Once the Court decides the issue of consolidation, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a). *See Friedman v. Quest Energy Ptnrs. LP,* 261 F.R.D. 607, 609 (W.D. Okla. 2009).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)   has either filed the complaint or made a motion in response to a notice;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted

only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against it. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### a. Movant Is Willing to Serve as a Class Representative

On September 12, 2025, plaintiff in the *Brenton* Action filed a notice (the "Notice") published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against VFC and which advised putative class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Actions.[6] Movant has reviewed the complaint filed in the pending *Brenton* Action and has timely filed this motion pursuant to the Notice.

### b. Movant has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. 2. The movant with the largest financial interest who

---

[6] On September 12, 2025, the Notice was published over *Globe Newswire,* a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. 3.

also meets the requirements of typicality and adequacy under Rule 23 is presumptively the lead plaintiff. *See Friedman,* 261 F.R.D. at 609-610.

Under the PSLRA, damages are calculated based on: (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

Movant purchased VFC securities during the Class Period in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of $133,657.42. *See* Apton Decl., Ex. 2. Movant thus has a significant financial interest in the outcome of this case. To the best of its knowledge, there is no other applicant who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest and also satisfies Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;

8

(2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

With respect to the qualifications of a lead plaintiff, Rule 23(a) requires generally that representatives' claims be typical of those of the class, and that representatives will fairly and adequately protect the interests of the class. *See Cooke v. Equal Energy Ltd*., 14-cv-0087-C, 2014 WL 3819159, at *2-3 (W.D. Okla. May 8, 2014); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *Schulman v. Lumenis, Ltd.,* No. 02 Civ. 1989 (DAB), 2003 WL 21415287, at *5-6 (S.D.N.Y June 18, 2003); *Weltz v. Lee,* 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (considering only typicality and adequacy on a motion as lead plaintiff); *see also In re Party City Secs. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999). *See generally* Fed. R. Civ. P. 23(a)(3)-(4). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *Cooke*, 2014 WL 3819159, at *2. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See id.*; *Weltz,* 199 F.R.D. at 133.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. Civ. P. 23, thereby justifying its appointment as Lead Plaintiff.

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative

parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) it suffered the same injuries as the absent class members; (ii) it suffered as a result of the same course of conduct by defendants; and (iii) its claims are based on the same legal issues. *See Cooke,* 2014 WL 3819159, at \*2; *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984).[7]

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired VFC securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, its claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Cooke,* 2014 WL 3819159, at \*2; *Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert*

---

[7] Additionally, although not pertinent to the instant motion, a finding of typicality frequently supports a finding of commonality and *vice versa*. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

*Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.  Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the movant's interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Drexel Burnham,* 960 F.2d at 291; *Weltz,* 199 F.R.D. at 133.

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses it suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. *See Clovis Oncology*, 2016 WL 660133, at *3-4 (adequacy satisfied where movant lacks conflicts with remainder of the class and possesses largest financial interest).

Moreover, MainStage is a private investment fund based in Austin, Texas. The fund is the beneficial owner of the securities at issue in this lawsuit. It is owned and operated by three individuals, including Corey Lane who serves as its portfolio manager and authorized representative. MainStage was launched in 2023. Mr. Lane has been

11

managing private funds since early-2020, and has been trading personal and family accounts since 2006. He also helps manage an online educational platform for individual traders and investors seeking to learn more about professional trading and risk management. Therefore, as demonstrated, MainStage will prosecute the Actions vigorously on behalf of the Class.

Finally, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, it is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Actions.

## C. Movant's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain Lead Counsel, subject to Court approval. 15 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as lead

12

plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. 4. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp*. Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court

13

may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff for the Class; and (3) approve Levi & Korsinsky and Lead Counsel for the Class.

Dated: November 12, 2025             Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: aapton@zlk.com

*Counsel for MainStage Capital Partners, LP and Proposed Lead Counsel for the Class*

14

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

/s/ *Adam M. Apton*
Adam M. Apton

15