## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**Civil Action No**.: 1:25-cv-02878-NYW-CYC

SHARON BRENTON, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

v.

V.F. CORPORATION, BRACKEN P.
DARRELL, MATTHEW H. PUCKETT, and
PAUL AARON VOGEL,

Defendants.

---

**Civil Action No.**: 1:25-cv-03555-PAB-SBP

RICHARD RUZICH, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

v.

V.F. CORPORATION, BRACKEN P.
DARRELL, STEVEN E. RENDLE,
MATTHEW H. PUCKETT, and PAUL
AARON VOGEL,

Defendants.

---

**NOTICE OF MOTION AND MOTION OF ROBERT RUZICH FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

---

## **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION.................................................................................. 1

CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a) ........................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES...................................................... 2

PRELIMINARY STATEMENT ......................................................................................... 2

STATEMENT OF FACTS.................................................................................................. 4

ARGUMENT...................................................................................................................... 6

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR
        ALL PURPOSES ................................................................................................. 6

    B.    RUZICH SHOULD BE APPOINTED LEAD PLAINTIFF............................. 8

        1.    Ruzich Is Willing to Serve as Class Representative........................ 9

        2.    Ruzich Has the "Largest Financial Interest" .................................... 9

        3.    Ruzich Otherwise Satisfies Rule 23's Requirements .................... 11

        4.    Ruzich Will Fairly and Adequately Represent the Interests
            of the Class and Is Not Subject to Unique Defenses..................... 13

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
        BE APPROVED ................................................................................................ 14

CONCLUSION ................................................................................................................ 15

CERTIFICATE OF SERVICE ........................................................................................ 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adamson v. Bowen*,
　855 F.2d 668 (10th Cir. 1988) ................................................................................. 11

*Bassin v. Decode Genetics, Inc.*,
　230 F.R.D. 313 (S.D.N.Y. 2005) ............................................................................... 7

*Brenton* v. *V.F. Corporation et al.*,
　No. 1:25-cv-02878 (D. Colo.) ............................................................................ *passim*

*Cooke v. Equal Energy Ltd.*,
　No. CIV-14-0047-C, 2014 WL 3819159 (W.D. Okla. May 8, 2014) ........................... 7

*Darwin v. Taylor*,
　No. 12-CV-01038-CMA-CBS, 2012 WL 5250400
　(D. Colo. Oct. 23, 2012) ......................................................................................... 10

*In re Cendant Corp. Litig.*,
　264 F.3d 201 (3d Cir. 2001) ............................................................................. 10, 14

*In re Comverse Tech., Inc. Sec. Litig.*,
　No. 06-CV-1825 (NGG) (RER), 2007 WL 680779
　(E.D.N.Y. Mar. 2, 2007) ................................................................................... 10, 15

*In re GE Sec. Litig.*,
　No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ..................... 7, 8

*In re NPS Pharm., Inc. Sec. Litig.*,
　No. 2:06-CV-00570-PGCPMW, 2006 WL 6627948
　(D. Utah Nov. 17, 2006) ................................................................................... 10, 11

*In re Olsten Corp. Sec. Litig.*,
　3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................... 10

*In re Petrobras Securities Litigation*,
　No. 14-cv-09662 (S.D.N.Y.) .................................................................................... 14

*In re Ribozyme Pharm. Sec. Litig.*,
　192 F.R.D. 656 (D. Colo. 2000) .............................................................................. 12

*Johnson v. Celotex Corp.*,
 899 F.2d 1281 (2d Cir. 1990) .................................................................................. 7

*Lane v. Page*,
 250 F.R.D. 634 (D.N.M. 2007) ......................................................................... 11, 14

*Lax v. First Merchants Acceptance Corp.*,
 No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ..................................... 10

*Malcolm v. Nat'l Gypsum Co.*,
 995 F.2d 346 (2d Cir. 1993) .................................................................................. 6

*Meyer v. Paradigm Med. Indus.*,
 225 F.R.D. 678 (D. Utah 2004) ......................................................................... 11, 12

*Ruzich* v. *V.F. Corporation, et al.*,
 No. 1:25-cv-03555-PAB-SBP (D. Colo.) ......................................................... *passim*

*Saee v. Enservco Corp.*,
 No. 22-CV-01267-DDD-STV, 2022 WL 3681988
 (D. Colo. Aug. 25, 2022) ...................................................................................... 10

*Scuderi v. Mammoth Energy Servs., Inc.*,
 No. CIV-19-522-SLP, 2019 WL 4397340 (W.D. Okla. Sept. 13, 2019) ..................... 7

## Statutes

15 U.S.C. § 78u–4 ............................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 ................................................... *passim*

Securities Exchange Act of 1934 ....................................................................... *passim*

## Rules

D.C.COLO.LCivR 7.1(a) ........................................................................................ 2

Fed. R. Civ. P. 23 ................................................................................... 3, 8, 11, 12

Fed. R. Civ. P. 42 ........................................................................................ 1, 2, 6

### NOTICE OF MOTION AND MOTION

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Robert Ruzich ("Ruzich"),[1] by and through his counsel, will and does hereby move this Court, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u–4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Ruzich as Lead Plaintiff on behalf of a class (the "Class") consisting of all investors in V.F. Corporation ("VFC" or the "Company") securities, other than the above-captioned defendants ("Defendants"), between October 27, 2022 and May 20, 2025, both dates inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.[2]  This motion is supported

---

[1] Ruzich pursues claims in this litigation on behalf of his wife, Margaret Ann Ruzich ("M.A. Ruzich"), and his brother, Richard Ruzich (together with M.A. Ruzich, the "Ruzich Assignors"), each from whom he has received a valid assignment of those claims.  *See Ruzich* v. *V.F. Corporation, et al.*, No. 1:25-cv-03555-PAB-SBP (D. Colo.) (the "*Ruzich* Action"), ECF No. 1 ("*Ruzich* Complaint") ¶ 13; *id.* at 45–46.

[2] On September 12, 2025, the first-filed of the Related Actions was filed in this Court, styled *Brenton* v. *V.F. Corporation et al.*, No. 1:25-cv-02878 (D. Colo.) (the "*Brenton* Action"), on behalf of a class including all investors who purchased or otherwise acquired VFC securities between October 30, 2023, to May 20, 2025, inclusive.  *See Brenton* Action, ECF No. 1 ¶ 1.  Then, on November 6, 2025, a second action alleging substantially the same wrongdoing as the *Brenton* Action against overlapping defendants was filed in this Court, styled *Ruzich* v. *V.F. Corporation, et al.*, No. 1:25-cv-03555 (D. Colo.), on behalf of a larger class including all investors in VFC securities, other than Defendants, between October 27, 2022 and May 20, 2025, both dates inclusive.  *See Ruzich* Action, ECF No. 1 ("*Ruzich* Complaint") ¶ 1.  Therefore, to avoid excluding any potential class members, this motion has adopted the most expansive class alleged in the *Ruzich* Action.

1

by the memorandum of points and authorities submitted herewith, the Declaration of J. Alexander Hood II ("Hood Decl."), and all exhibits thereto.

## CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a)

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Ruzich state that they were not able to confer with counsel for the opposing movants prior to filing the instant motion. The statutory framework of the PSLRA requires all motions seeking Lead Plaintiff appointment to be filed within 60 days of the publication of the notice of pendency of the action. *See* 15 U.S.C. § 78u–4(a)(3)(A)(i)(II). No such motions were filed meaningfully in advance of Ruzich's motion, and it was not possible to confer with counsel for the other movants to determine whether the instant motion would be opposed or to attempt to resolve the issues raised by the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

The complaints in the Related Actions allege that Defendants defrauded investors in violation of the Exchange Act. VFC investors, including the Ruzich Assignors, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused VFC's share price to fall sharply, damaging the Ruzich Assignors and other VFC investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the Exchange Act by overlapping defendants arising from substantially the

2

same alleged fraud.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the applicable requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).  In connection with their purchases of VFC securities during the Class Period, the Ruzich Assignors incurred aggregate losses of approximately $444,247.  *See* Hood Decl., Exhibit ("Ex.") A at 2.  Accordingly, Ruzich believes that he has the largest financial interest in the relief sought in this Action.  Beyond his considerable financial interest, Ruzich also meets the applicable requirements of Rule 23 because his claims are typical of those of absent Class members and he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Ruzich has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Ruzich respectfully requests that the Court enter an Order consolidating the Related Actions, appointing him as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the complaints in the Related Actions, VFC is an apparel, footwear, and accessory company that sells outdoor, active, and workwear products in the Americas, Europe, and Asia-Pacific.  ECF No. 1 ¶ 20; *see also Ruzich* Complaint ¶ 2.  Among VFC's brands are Vans, The North Face, Timberland, and Dickies.  ECF No. 1 ¶ 21; *see also Ruzich* Complaint ¶ 2.  VFC distributes its products through both its wholesale channel and its direct-to-consumer operations, including VFC-owned stores and e-commerce sites.  ECF No. 1 ¶ 20; *see also Ruzich* Complaint ¶ 2.

For at least several years prior to the filing of the Related Actions, analysts have widely viewed VFC as a company in decline.  *Ruzich* Complaint ¶ 3.  In an August 2025 article published on the investment website Seeking Alpha, a hedge fund portfolio manager summarized market consensus, describing VFC as:

> For decades, . . . a well-regarded portfolio of lifestyle brands, admired by both investors and consumers.  But over the past few years, things have gone downhill.  The brands are still familiar, but the financials are telling a much different story—one of shrinking sales, extremely high debt, asset impairments, and a balance sheet that's hollowed out once you strip away the fluff.

*Id.*

Throughout the Class Period, VFC and its officers acknowledged the challenges that the Company faced but consistently reassured investors of the purported strength of VFC's brands and the purported efficacy of VFC's various turnaround initiatives aimed at restoring growth.  *Id.* ¶ 5.  On an October 22, 2022 earnings call, then-Chief Executive Officer ("CEO") Steven E. Rendle described an initiative "to reset, refocus and reaccelerate" VFC's Vans brand and spoke of "invest[ing] behind digital and innovations,

4

with our brands generating a regular cadence of new product initiatives driving an increasingly closer connection to our consumers."  *Id.*  Roughly one year later, VFC formally announced an extensive turnaround plan, dubbed "Project Reinvent", which the Company's new CEO Bracken Darrell asserted "will improve [VFC's] brand- building and execution while addressing with urgency our ***top priority of improving North America, accelerating the Vans turnaround***, significantly reducing our fixed cost and leverage."[3] *Id.*; *see also* ECF No. 1 ¶ 23.

Throughout the Class Period, Defendants made materially false and misleading statements regarding VFC's business and operations.  *Ruzich* Complaint ¶ 5; *see also* ECF No. 1 ¶ 3.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) actions more drastic than the Reinvent initiative and VFC's other disclosed turnaround efforts would be necessary to restore the Vans brand to growth; (ii) the foregoing would negatively impact the revenue growth trajectory of the Vans brand specifically and VFC generally to a greater extent than Defendants had contemplated or cautioned in their public statements; and (iii) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.  *Ruzich* Complaint ¶ 5; *see also* ECF No. 1 ¶ 3.

On May 21, 2025, VFC reported its fourth quarter and full fiscal year 2025 results, highlighting a significant decline in Vans' growth trajectory, which plunged from a mere 8% loss in the third quarter to a 20% loss in the fourth quarter, and cautioned investors that the decline would continue through the next quarter.  *Ruzich* Complaint ¶ 6; *see*

---

[3] All emphases herein added unless otherwise indicated.

5

*also* ECF No. 1 ¶ 4.  The Company attributed its results and below-expectation guidance largely to "a direct effect of deliberately reduced revenue to eliminate unprofitable or unproductive businesses" and "an additional set of deliberate actions" which were already in place but previously undisclosed.  *Ruzich* Complaint ¶ 6; *see also* ECF No. 1 ¶ 4.  VFC further noted that, disregarding these deliberate actions, Vans would still have shown a "high single digit[]" revenue decline, suggesting growth slowed in comparison to the prior years' sequential improvements irrespective of management's new "deliberate actions."  ECF No. 1 ¶ 4; *see also Ruzich* Complaint ¶ 45.

On this news, VFC's stock price fell $2.28 per share, or 15.8%, to close at $12.15 per share on May 21, 2025.  *Ruzich* Complaint ¶ 7; *see also* ECF No. 1 ¶ 5.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of VFC's securities, the Ruzich Assignors and other Class members have suffered significant losses and damages.  *Ruzich* Complaint ¶ 8; *see also* ECF No. 1 ¶ 50.

### ARGUMENT

### A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication.  Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995

6

F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *Scuderi v. Mammoth Energy Servs., Inc.*, No. CIV-19-522-SLP, 2019 WL 4397340, at *1–2 (W.D. Okla. Sept. 13, 2019); *Cooke v. Equal Energy Ltd.*, No. CIV-14-0047-C, 2014 WL 3819159, at *1 (W.D. Okla. May 8, 2014).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.  *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1–3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact.  Each action is brought against the Company, as well as certain officers of the Company, in connection with violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder.  Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of VFC's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged.  Consolidation of the Related Actions is therefore appropriate.  *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be

7

prejudiced); *GE*, 2009 WL 2259502), at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## B.    RUZICH SHOULD BE APPOINTED LEAD PLAINTIFF

Ruzich should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this Action to his knowledge, and otherwise strongly satisfies Rule 23's requirements.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u–4(a)(3)(A)(i)(I)-(II).  Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice, and to do so by the later of (1) 90 days after the date of publication or (2) as soon as practicable after the Court decides any pending motion to consolidate.  *See id.* § 78u-4(a)(3)(B)(i)-(ii).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff.  *Id.* § 78u–4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

8

*Id.* § 78u–4(a)(3)(B)(iii)(I).

As set forth below, Ruzich satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Ruzich Is Willing to Serve as Class Representative

On September 12, 2025, counsel for plaintiff in the first-filed of the Related Actions (*i.e.*, the *Brenton* Action) caused the statutorily required Notice to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action lawsuit had been filed on behalf of VFC investors, and advising investors in VFC securities that they had until November 12, 2025 to file a motion to be appointed as Lead Plaintiff.  *See* Hood Decl., Ex. B at 2.

Ruzich has filed the instant motion pursuant to the Notice, and he has submitted a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See Ruzich* Complaint at 42–43.  Accordingly, Ruzich satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Ruzich Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class[.]"  15 U.S.C. § 78u–4(a)(3)(B)(iii) (I)(bb).  To the best of his knowledge, Ruzich has the largest financial interest of any VFC investor or investor group seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b)

of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).  In accord with other courts nationwide,[4] these so-called *Lax* factors have been adopted by courts in the Tenth Circuit, including in this District.  *See, e.g.*, *Saee v. Enservco Corp.*, No. 22-CV-01267-DDD-STV, 2022 WL 3681988, at *2–3 (D. Colo. Aug. 25, 2022).  Of the *Lax* factors, courts in the Tenth Circuit generally emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Darwin v. Taylor*, No. 12-CV-01038-CMA-CBS, 2012 WL 5250400, at *2 (D. Colo. Oct. 23, 2012); *see also In re NPS Pharm., Inc. Sec. Litig.*, No. 2:06-CV-00570-PGCPMW, 2006 WL 6627948, at *1–2 (D. Utah Nov. 17, 2006) (equating financial interest with economic loss).

In connection with their purchases of VFC securities during the Class Period, the Ruzich Assignors incurred aggregate losses of approximately $444,247.  *See* Hood Decl., Ex. A at 2.  As such, Ruzich believes that he possesses the largest financial interest in the outcome of this litigation within the meaning of the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[4] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6–8 (E.D.N.Y. Mar. 2, 2007).

### 3.    Ruzich Otherwise Satisfies Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.  *See Lane v. Page*, 250 F.R.D. 634, 640 (D.N.M. 2007).  Moreover, at this stage of the inquiry, courts need only consider typicality and adequacy.  *See NPS*, 2006 WL 6627948, at *2 (citing *Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 680 (D. Utah 2004) ("For the purposes of a motion for appointment of lead plaintiff under Rule 23, it is proper to limit a court's inquiry into the final two prongs of Rule 23(a), typicality and adequacy.")).

The typicality requirement of Rule 23(a)(3) is satisfied when "the 'injury and the conduct are sufficiently similar.'"  *Meyer*, 225 F.R.D. at 680 (quoting *Adamson v. Bowen*, 855 F.2d 668, 767 (10th Cir. 1988)).  Further, "a difference in the factual situations of

class members *per se*, does not defeat typicality under Rule 23(a)(3) . . . as long as the claims of class representatives and other class members are based on the same legal or remedial theory."  *Meyer*, 225 F.R.D. at 680.

Ruzich's claims are typical of those of the Class.  Ruzich alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning VFC, or by omitting to state material facts necessary to make the statements they did make not misleading.  The Ruzich Assignors—who each assigned their claims in this litigation to Ruzich via a valid assignment of those claims (*see Ruzich* Complaint ¶ 13; *id.* at 45–46)—like other Class members, purchased VFC securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosures of those misrepresentations and/or omissions that drove VFC's share price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied "by fulfilling two requirements.  First, there must be an absence of potential conflict between the named plaintiffs and other class members.  Second, the counsel chosen by the representative party must be 'qualified, experienced and able to vigorously conduct the proposed litigation.'"  *Meyer*, 225 F.R.D. at 681 (quoting *In re Ribozyme Pharm. Sec. Litig.*, 192 F.R.D. 656, 659 (D. Colo. 2000)).

Ruzich is an adequate representative for the Class. There is no evidence of antagonism or conflict between Ruzich's interests and those of the Class. Moreover, Ruzich has submitted a sworn Certification declaring his commitment to protecting the interests of the Class, *Ruzich* Complaint at 42–43, and his significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. Further, as set forth in greater detail below, in Pomerantz, Ruzich has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u–4(a)(3)(B)(v).

Further demonstrating his adequacy, Ruzich has submitted a Declaration attesting to, *inter alia*, his background, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Hood Decl., Ex. C ¶¶ 1–7, 9–11.

### 4. Ruzich Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Ruzich's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

13

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

Ruzich's ability and desire to fairly and adequately represent the Class has been discussed above.  Ruzich is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Ruzich should be appointed Lead Plaintiff for the Class.

### C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the Court's approval.  *See* 15 U.S.C. § 78u–4(a)(3)(B)(v).  The Court should interfere with a lead plaintiff's selection only when necessary to "protect the interests of the class" (*id.* § 78u–4(a)(3)(B)(iii)(II)(aa)).  *See Lane*, 250 F.R.D. at 647 ("[T]he [PSLRA] 'evidences a strong presumption in favor of approving a properly-selected lead plaintiffs decisions as to counsel selection and counsel retention.'" (quoting *In re Cendant*, 264 F.3d at 276)).

Here, Ruzich has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Hood Decl., Ex. D at 1–11.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel.  *See id.* at 1.  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.*  As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of

investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *Id.* at 2. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* at 2–5. More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.* at 2–3.

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Related Actions, Ruzich's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Ruzich's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Ruzich respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Ruzich as Lead Plaintiff for the Class; and (3) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated: November 12, 2025

Respectfully submitted,

POMERANTZ LLP

*/s/ J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
600 Third Avenue, 20th Floor

New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com

*Counsel for Robert Ruzich and Proposed
Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2025, a true and correct copy of the foregoing **NOTICE OF MOTION AND MOTION OF ROBERT RUZICH FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** was e-filed with the Clerk of Court via the CM/ECF System which will send notification of such filing to all counsel of record.