IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02878-NYW-CYC

SHARON BRENTON, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

 v.

V.F. CORPORATION, BRACKEN P. DARRELL, MATTHEW H. PUCKETT, and PAUL AARON VOGEL,

    Defendants.

---

Civil Action No. 1:25-cv-03555-PAB-SBP

ROBERT RUZICH, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

 v.

V.F. CORPORATION, BRACKEN P. DARRELL, STEVEN E. RENDLE, MATTHEW H. PUCKETT, and PAUL AARON VOGEL,

    Defendants.

**JOINT MOTION FOR CONSOLIDATION OF THE ACTIONS,
APPOINTING CO-LEAD PLAINTIFFS
AND LEAD COUNSEL**

Lead plaintiff movants MainStage Capital Partners, LP ("MainStage") and Robert Ruzich ("Ruzich"), by and through their undersigned counsel, respectfully request appointment as Co-Lead Plaintiffs and that their respective counsel be appointed as Co-Lead Counsel, thereby resolving the pending motions for lead plaintiff appointment.

1. The complaints in the above-captioned action asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 on behalf of a putative class of all persons and entities that purchased or otherwise acquired V.F. Corporation ("VFC" or the "Company") securities between October 27, 2022 and May 20, 2025, inclusive (the "Actions").

2. Given that the Actions assert class action claims under the Exchange Act, it is subject to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA"). This includes the PSLRA's provisions concerning the appointment of a lead plaintiff and lead counsel.

3. In pertinent part, these provisions within the PSLRA require courts to appoint one or more members of the purported class to serve as lead plaintiff and approve lead counsel to represent the class. *See* 15 U.S.C. §§ 78u-4(a)(3)(B).

4. Having met and conferred, movants MainStage and Ruzich agree and respectfully request that the Actions be consolidated, and they be appointed Co-Lead Plaintiffs and their respective counsel appointed as Co-Lead Counsel.

5. Movant MainStage timely filed a motion for lead plaintiff appointment. *See* ECF No. 19. As stated in MainStage's motion, it possesses a significant financial interest in the outcome of the litigation with losses of approximately $133,657.42. *See* ECF No.

20-2. MainStage also filed a certification confirming its willingness to serve as a class representative and provided information about its background in its opening brief. *See* ECF Nos. 19 pp.11-12, and 20-1.

6. Movant Ruzich timely filed a motion for lead plaintiff appointment. *See* ECF No. 21. As stated in Ruzich's motion, he possesses a significant financial interest in the outcome of the litigation with losses of approximately $444,247.00. *See* ECF No. 22-1. Ruzich also filed a certification confirming his willingness to serve as a class representative and provided a declaration containing information about his background. *See* ECF No. 22-3.

7. After reviewing each other's submissions to the Court, MainStage and Ruzich – as the only movants in contention for appointment as lead plaintiff – agreed to resolve their competing motions and to seek, with the Court's approval, to serve jointly as co-lead plaintiffs and for their selection of counsel, the law firms of Levi & Korsinsky, LLP and Pomerantz LLP, to serve as co-lead counsel.

8. Pursuant to the PSLRA, the Court should first rule on motions to consolidate before appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate where there are actions involving common questions of law or fact. See Fed. R. Civ. P. 42(a). The Actions pending before this Court are well-suited for consolidation. The Actions are brought on behalf of purchasers of VFC securities, allege similar class periods, and contain nearly identical allegations charging Defendants with making false and misleading statements. "Courts have recognized that securities class actions are particularly suited to consolidation to help expedite pretrial

proceedings, reduce case duplication, avoid the involvement of parties and witnesses in multiple proceedings, and minimize the expenditure of time and money." *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF (VBKx), 2011 WL 710704, at *2 (C.D. Cal. Feb. 14, 2011). Although the Actions are not identical, their common factual and legal bases, similar class periods, nearly identical legal claims, and common Defendants, warrant consolidation. *See Medina v. Clovis Oncology, Inc.*, Case No. 15-cv-2546-RM- MEH, 2016 WL 660133, at *2 (D. Colo. Feb. 18, 2016).

9.  Courts have endorsed similar requests from competing lead plaintiff movants as promoting the statutory purposes of the PSLRA, and have permitted independent lead plaintiff movants to join together where movants "concluded that a protracted dispute concerning lead plaintiff appointment . . . [was] not in the best interests of the class and that jointly prosecuting [the] litigation would be appropriate and assist with the speedy commencement of [the] litigation." *In re Facebook, Inc. Sec. Litig.*, No. 5:18-cv-01725-EJD (N.D. Cal. Aug. 3, 2018), Dkt. No. 56 at 2-3 (approving stipulation of lead plaintiff movants); *accord Gonzalez v. Intellia Therapeutics, Inc. et al*, No. 1:25-cv-10353 (D. Mass. June 10, 2025), Dkt. No. 37; *Ragan v. Farfetch Limited, et al.*, 8:23-cv-02857-MJM (D. Md. Jan. 17, 2024), Dkt. No. 50; *Pizzuto v. Homology Meds., Inc.*, No. 2:22-cv-01968-FLA-JPR (C.D. Cal. July 1, 2022), Dkt. No. 38; *In re Grab Holdings Limited Sec. Litig.*, No. 1:22-cv-02189-VM (S.D.N.Y. June 7, 2022), Dkt. No. 39; *Terenzini v. GoodRx Holdings, Inc.*, No. 2:20-cv-11444-DOC (C.D. Cal. Apr. 8, 2021), Dkt. No. 65; *Zhou v. Faraday Future Intelligent Elec. Inc. f/k/a Prop. Sols. Acquisition Corp.*, No. 2:21-cv-09914-CAS-JC (C.D. Cal. Mar. 7, 2022), Dkt. Nos. 32-

4

33.

10.    Provided the Court is inclined to grant MainStage and Ruzich's motion for consolidation of the actions, appointment of co-lead plaintiffs, and approval of their selection for co-lead counsel, counsel for the parties will meet and confer and propose within fourteen (14) days a schedule for filing an amended complaint and response thereto.

11.    WHEREFORE, the parties respectfully move this Court for entry of an order consolidating the Actions, appointing MainStage Capital Partners, LP and Robert Ruzich as Co-Lead Plaintiffs and their attorneys at Levi & Korsinsky, LLP and Pomerantz LLP as Co-Lead Counsel.

Dated: November 20, 2025        Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Adam M. Apton*
Adam M. Apton (SBN 316506)
515 South Flower Street
18th and 19th Floors
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Attorney for Proposed Co-Lead Plaintiff MainStage Capital Partners, LP and Co-Lead Counsel for the Class*

**POMERANTZ LLP**

/s/ *J. Alexander Hood II*
J. Alexander Hood II
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016

Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com
jalieberman@pomlaw.com

*Attorneys for Proposed Co-Lead Plaintiff Robert Ruzich and Co-Lead Counsel for the Class*

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

*/s/ Adam M. Apton*
Adam M. Apton
