# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02878-NYW-CYC

SHARON BRENTON, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

V.F. CORPORATION,
BRACKEN P. DARRELL,
MATTHEW H. PUCKETT,
PAUL AARON VOGEL, and

    Defendants.

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

    This matter is before the Court on the Joint Motion for Consolidation of the Actions, Appointing Co-Lead Plaintiffs and Lead Counsel ("Joint Motion"). [Doc. 25, filed November 20, 2025]. The Joint Motion was filed by Plaintiffs MainStage Capital Partners, LP ("MainStage") and Robert Ruzich ("Mr. Ruzich") (together, "Movants"). The Movants request that this case be consolidated with a related action, *Ruzich v. V.F. Corporation*, Civil Action No. 25-cv-03555-PAB-SBP (D. Colo.) (the "*Ruzich* Action"). [Doc. 25 at ¶ 4]. Both cases are putative securities class actions brought under the Securities Exchange Act ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78aa, 78j(b), 78t(a), and its implementing regulations. [Doc. 1 at ¶¶ 7–8]; Complaint at ¶¶ 9–10, *Ruzich v. V.F. Corporation*, No. 25-cv-03555-PAB-SBP (D. Colo. Nov. 6, 2025), Dkt. No. 1 ("*Ruzich* Complaint"). The Joint Motion also asks the Court to appoint MainStage and Mr. Ruzich as co-lead plaintiffs and appoint their respective counsel as co-lead counsel. [Doc. 25 at ¶ 4].

    Prior to filing the Joint Motion, MainStage and Mr. Ruzich each moved separately for consolidation and appointment of lead plaintiff and class counsel (the "Individual Motions"). [Doc. 19; Doc. 21]. The Court then ordered the Parties to meet and confer regarding consolidation. [Doc. 23]. The subsequent Joint Status Report represents that Defendants V.F. Corporation ("VFC"), Bracken P. Darrell, Matthew H. Puckett, and Paul Aaron Vogel ("Defendants") agree that the actions should be consolidated but take no position on the appointment of lead plaintiff or lead counsel. [Doc. 24 at 3]. For the reasons set forth below, the Joint Motion is **GRANTED**, and the Individual Motions are **DENIED as moot**.

I.   **Consolidation with the *Ruzich* Action**

Movants first ask the Court to consolidate this case with the *Ruzich* Action. [Doc. 25 at ¶ 4]. Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). The decision to consolidate such actions is left to the sound discretion of the district court. *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). Rule 42(a) is intended "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Fam. Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quotation omitted). Thus, in exercising this discretion, the Court weighs both "judicial economy and fairness to the parties." *MSPBO, LLC v. Adidas N. Am., Inc.*, No. 13-cv-02287-PAB-KMT, 2014 WL 349102, at *1 (D. Colo. Jan. 30, 2014) (citing *Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982)).

Movants and Defendants agree that this case should be consolidated with the *Ruzich* Action. [Doc. 24 at 3]. The Court concurs that consolidation is appropriate. Both actions stem from the same underlying factual allegations—that Defendants made materially false statements regarding VFC's business outlook, leading investors to purchase VFC stock at inflated prices and suffer losses when the truth emerged. *Compare* [Doc. 1 at ¶¶ 1–5], *with Ruzich* Complaint at ¶¶ 1–8. The cases involve similar proposed classes and nearly identical claims. *See* [Doc. 1 at ¶¶ 1, 59, 65–80]; *Ruzich* Complaint at ¶¶ 1, 57, 66–81. These factual and legal similarities between the cases suggest that discovery and motions practice in the two cases will overlap significantly, meaning that consolidation will facilitate a more efficient resolution of the cases for both the Parties and the Court. *See, e.g.*, *Hufnagle v. Rino Int'l Corp.*, No. 10-cv-08695-VBF-VBKx, 2011 WL 710704, at *2 (C.D. Cal. Feb. 14, 2011) (observing that "securities class actions are particularly suited to consolidation" based on considerations of judicial economy); *Subramanian v. Watford*, No. 20-cv-02652-CMA-STV, 2021 WL 1697147, at *2 (D. Colo. Apr. 29, 2021) (consolidating cases involving "nearly identical false and misleading statements" that underpinned same alleged violations of the Exchange Act). And there is no indication that any Party will be prejudiced by consolidation. The Court is therefore persuaded that this case and the *Ruzich* Action share common questions of fact and law that warrant consolidation under Rule 42(a).

Accordingly, the Joint Motion is respectfully **GRANTED** to the extent the Movants seek consolidation of this case with the *Ruzich* Action. With the issue of consolidation resolved, the Court turns to the request to appoint co-lead plaintiffs. 15 U.S.C. § 78u–4(a)(3)(B)(ii).

II.   **Appointment of Co-Lead Plaintiffs**

The PSLRA prescribes the procedure for selection of a lead plaintiff in class actions arising under its terms. First, the plaintiff must publish notice of the action within 20 days of filing the complaint in a "widely circulated national business-oriented

publication or wire service."  15 U.S.C. § 78u-4(a)(3)(A)(i).  The notice must advise putative class members of the action, the claims, the purported class period, and that any putative class member may move for appointment as lead plaintiff within 60 days of the notice.  *Id.*

There is no dispute that this requirement was met here.  Plaintiff published a notice of this action on the same day the Complaint was filed.  [Doc. 1; Doc. 20-3].  The notice was published in *Globe Newswire*, [Doc. 20-3], which courts have recognized as a widely circulated, national, business-oriented news service, *see, e.g.*, *Saee v. Enservco Corp.*, No. 22-cv-01267-DDD-STV, 2022 WL 3681988, at *2 (D. Colo. Aug. 25, 2022); *Rodriguez v. DraftKings Inc.*, No. 21-cv-05739-PAE, 2021 WL 5282006, at *2 (S.D.N.Y. Nov. 12, 2021).  The notice describes the action, the asserted claims, and the putative class period, and explains that any motion for appointment as lead plaintiff must be filed by November 12, 2025.  [Doc. 20-3].  This satisfies the notice requirement in § 78u-4(a)(3)(A)(i).

Second, "[a]s soon as practicable" after deciding consolidation, the Court must "appoint the most adequate plaintiff as lead plaintiff."  § 78u-4(a)(3)(B)(ii).  The statute establishes a rebuttable presumption that the "most adequate plaintiff . . . is the person or group of persons that":

(aa)   has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).  The presumption may only be rebutted upon proof that the presumptively most adequate plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II).

**A.   Whether Movants Satisfy Rule 23 and the PSLRA**

Although the Joint Motion is unopposed, the Court "must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff."  *Clifford v. TRON Found.*, No. 20-cv-02804-VSB, 2020 WL 3577923, at *2 (S.D.N.Y. June 30, 2020).  Upon review, the Court finds that those factors are satisfied.  First, both Movants filed their respective Individual Motions within 60 days of the notice.  15 U.S.C. § 78u-4(a)(3)(A)(i), (a)(3)(B)(iii)(I)(aa).  Although the Joint Motion was filed after the 60-day deadline, "courts have permitted amended motions by groups that were combined after the 60-day deadline as long as each member of the amended group previously filed a timely motion for appointment as lead plaintiff."  *Sokolow v. LJM Funds Mgmt., Ltd.*, No. 18-cv-01039, 2018 WL 3141814, at *2 (N.D. Ill. June 26, 2018) (collecting cases).

Second, each Movant claims a substantial financial interest in the relief sought.  The PSLRA does not provide a method for calculating the "largest financial interest" of a potential lead plaintiff.  To assess a movant's financial interest, courts generally apply the

3

four-factor test announced in *Lax v. First Merch. Acceptance Corp.*, No. 97-cv-02715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).  *See, e.g.*, *Armbruster v. Gaia, Inc.*, No. 22-cv-03267-NYW-STV, 2023 WL 2613817, at *2 (D. Colo. Mar. 23, 2023) (collecting cases); *Saee*, 2022 WL 3681988, at *2; *In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 569 (S.D.N.Y. 2015); *see also* 7 William B. Rubenstein, Newberg & Rubenstein on Class Actions § 22:42 (6th ed., Dec. 2025 update) (observing that "most courts" apply the *Lax* test).  The four *Lax* factors are "(1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered."  *Armbruster*, 2023 WL 2613817, at *2; *see also Lax*, 1997 WL 461036, at *5.  Courts typically view the fourth factor—the movant's approximate financial loss—as the most important.  *Millennial Media*, 87 F. Supp. 3d at 569; Rubenstein, *supra*, § 22:42 (explaining that most courts place "primary emphasis" on the fourth factor); *see also Subramanian*, 2021 WL 1697147, at *2 ("[C]ourts routinely look to the movant's financial loss as the most significant factor.").

   Here, MainStage claims a loss of $133,657.42 based on its purchase of 33,000 shares during the class period proposed in this action.  [Doc. 20-2].  Mr. Ruzich claims a loss of $444,247 based on his and his assignors' combined purchase of 26,054 shares.  [Doc. 22-1].  The Court need not assess the claimed losses to verify whether Mr. Ruzich has indeed suffered the greater loss because, as explained below, the Court finds that appointment of Movants as co-lead plaintiffs is appropriate.  *See infra* Part II.B.  Instead, the Court notes that nothing in the record suggests that any eligible plaintiff has suffered a greater financial loss than either of the Movants or would otherwise have a greater financial interest in the outcome of this litigation.  Accordingly, the Court finds that Movants have satisfied the largest financial interest requirement.  *See Armbruster*, 2023 WL 2613817, at *3 (finding this requirement satisfied where no other eligible plaintiffs moved for appointment or disputed movant's claimed losses); *Saee*, 2022 WL 3681988, at *3 (same).

   Third, the Court considers whether Movants have met the requirements of Rule 23.  In assessing the most adequate plaintiff under the PLSRA, only two prongs of Rule 23 are relevant:  typicality and adequacy.  Fed. R. Civ. P. 23; *see, e.g.*, *In re Ribozyme Pharms., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D. Colo. 2000); *Millennial Media*, 87 F. Supp. 3d at 571.  "Typicality is satisfied when the representative plaintiffs' claims arise from the same event, practice or course of conduct that provides the basis of class claims and are grounded in the same legal or remedial theory."  *Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 612 (W.D. Okla. 2009) (citing *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988)).  Adequacy exists where there are "common interests between the proposed lead plaintiffs and the class," and where the proposed lead plaintiffs are willing to "vigorously prosecute the action."  *Id.* at 613; *see also Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002) (framing the inquiry as whether proposed lead plaintiffs and their counsel have conflicts of interest with other class members and whether they are willing to vigorously prosecute the action).

The Court finds that Movants satisfy typicality and adequacy. With respect to typicality, Movants' claims arise from the same alleged false statements by Defendants that led the putative class members to purchase shares at inflated prices and then suffer losses when the truth emerged and share prices decreased. *See, e.g.*, [Doc. 1 at ¶¶ 22–39]; *Ruzich* Complaint at ¶¶ 23–43 (describing nearly identical alleged false statements). Movants' claims also arise from the same legal theory as the claims of the putative class—that Defendants' alleged statements violated sections 10(b) and 20(a) of the Exchange Act. *See* [Doc. 1 at ¶¶ 65–80]; *Ruzich* Complaint at ¶¶ 66–81. As for adequacy, the Court discerns no potential conflicts of interest between Movants and the putative class. The Court further finds that the Individual Motions and Joint Motion sufficiently establish that Movants are willing to vigorously prosecute this litigation.

Having concluded that Movants satisfy the PSLRA's requirements for identifying the most adequate plaintiff, the Court turns to whether Movants' proposed co-lead plaintiff structure is appropriate.

### B. Whether Appointment of Co-Lead Plaintiffs is Appropriate

The PSLRA does not explicitly address appointment of co-lead plaintiffs. Some courts have refused to appoint co-lead plaintiffs "on the grounds that such a structure was not envisioned by the PSLRA or would undermine the aims of the statute, . . . or because the need for such a structure was not established by the circumstances of the particular case." *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 139 (S.D.N.Y. 2007) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 418–20 (S.D.N.Y. 2004)); *see also, e.g., Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 711 n.4 (9th Cir. 2009) (observing, in dicta, that the PSLRA "suggest[s] that the district court should appoint only one lead plaintiff, whether an individual or a group," and appointment of co-lead plaintiffs would "tend to run counter to the sequential inquiry we outlined for selection of lead plaintiff").

In other cases, however, "courts have determined that the interests of a proposed class will be served best by the appointment of co-lead plaintiffs or multiple lead plaintiffs who did not move initially as a group." *Pirelli*, 229 F.R.D. at 419 (collecting cases). For instance, appointing co-lead plaintiffs may "ensure broader representation of all plaintiffs, for example, by appointing one lead plaintiff who is an individual private investor and one lead plaintiff that is an institutional investor." *Spurbeck v. Petco Health & Wellness Co.*, No. 25-cv-01667-JLS-VET, 2025 WL 3251605, at *4 (S.D. Cal. Nov. 20, 2025) (quotation omitted) (collecting cases). Thus, "courts routinely adopt a co-lead plaintiff structure where it best serves the interests of the proposed class given the circumstances of the particular case." *Millennial Media*, 87 F. Supp. 3d at 570–71 (cleaned up) (collecting cases) (appointing co-lead plaintiffs where one plaintiff suffered greater financial loss but other plaintiff owned shares during entire class period). Whether to appoint co-lead plaintiffs is within the district court's discretion. *Spurbeck*, 2025 WL 3251605, at *4; *Pirelli*, 229 F.R.D. at 420 (recognizing that the court possesses "acknowledged discretion in the lead plaintiff appointment process").

Applying these principles, the Court finds that appointing Movants as co-lead plaintiffs will best serve the interests of the putative class. Although Mr. Ruzich has suffered the greater financial loss, [Doc. 25 at ¶¶ 5–6], MainStage is an institutional investor, "the type of investor Congress prefers as lead plaintiff[]," *Millennial Media*, 87 F. Supp. 3d at 570. This Court concurs with the numerous other district courts that have found it desirable to appoint an individual investor and an institutional investor as co-lead plaintiffs, "since each may bring a unique perspective to the litigation." *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. 00-cv-00152-JEI, 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000); *see also, e.g.*, *Sokolow*, 2018 WL 3141814, at *5 ("[M]ore diverse groups can better serve the interests of class members in securities class actions." (collecting cases)); *Johnson v. Pozen Inc.*, No. 1:07-cv-00599, 2008 WL 474334, at *2 (M.D.N.C. Feb. 15, 2008) (collecting cases). As the Joint Motion reflects, Movants appear to be cooperating, and the Court agrees that a dispute over lead plaintiff appointment would serve neither judicial economy nor the best interests of the putative class. [Doc. 25 at ¶ 9]; *see also In re Flight Safety Techs., Inc. Sec. Litig.*, 231 F.R.D. 124, 131 (D. Conn. 2005) (appointing co-lead plaintiffs where co-lead plaintiff structure would "enhance, rather than reduce, the efficiency of the litigation" (quotation omitted)).

Accordingly, in its discretion, the Court concludes that appointment of Movants as co-lead plaintiffs is appropriate. The Joint Motion is **GRANTED** insofar as Movants request that they be appointed as co-lead plaintiffs.

### III. Appointment of Co-Lead Class Counsel

Movants next request that the Court appoint their respective counsel—Levi & Korsinsky LLP for MainStage and Pomerantz LLP for Mr. Ruzich—as co-lead counsel. [Doc. 25 at ¶ 11]. The PSLRA permits lead plaintiffs to select and retain class counsel, "subject to the approval of the court." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court will not disturb a lead plaintiff's choice of counsel unless necessary to "fairly and adequately protect the interests of the class." *Armbruster*, 2023 WL 2613817, at *4 (quotation omitted); *accord Friedman*, 261 F.R.D. at 615.

Movants have submitted materials detailing the background and accomplishments of their chosen counsel. [Doc. 20-4; Doc. 22-4]. Upon review, the Court finds that Levi & Korsinsky LLP and Pomerantz LLP are experienced in securities class action litigations like this one, with the resources and capability to adequately represent the interests of the putative class. The Court additionally notes that another district court recently approved these firms as co-lead counsel in a PSLRA class action. *See Savant v. iRobot Corp.*, No. 25-cv-05563-JHR-GS, 2025 WL 2821806, at *2 (S.D.N.Y. Oct. 3, 2025). The Court thus approves Levi & Korsinsky LLP and Pomerantz LLP as co-lead counsel.

Accordingly, it is **ORDERED** that:

(1) The Joint Motion for Consolidation of the Actions, Appointing Co-Lead Plaintiffs and Lead Counsel [Doc. 25] is **GRANTED**;

(2) The Motion of MainStage Capital Partners, LP for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel [Doc. 19] is **DENIED as moot**;

(3) The Motion of Robert Ruzich for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Counsel [Doc. 21] is **DENIED as moot**;

(4) Pursuant to Federal Rule of Civil Procedure 42 and D.C.COLO.LCivR 42.1, the Clerk of Court shall **CONSOLIDATE** this case with *Ruzich v. V.F. Corporation*, Civil Action No. 25-cv-03555-PAB-SBP;

(5) The Clerk of Court is **DIRECTED** to reassign the magistrate judge referral duties in Civil Action No. 25-cv-03555-SBP to Magistrate Judge Cyrus Y. Chung;

(6) The Parties shall file all pleadings and papers in this action under the caption of:

Civil Action No. 25-cv-02878-NYW-CYC
   *Consolidated with Civil Action No. 25-cv-03555-NYW-CYC*

(7) All filings shall be made in Civil Action No. 25-cv-02878-NYW-CYC;

(8) Levi & Korsinsky LLP and Pomerantz LLP are **APPOINTED** as co-lead counsel; and

(9) The Parties are **ORDERED** to comply with the Minute Order dated November 7, 2025 [Doc. 16] issued by the Honorable Cyrus Y. Chung.

DATED: December 16, 2025